## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| SENTURY TIRE (THAILAND) CO. LTD., SENTURY TIRE USA INC., GENERAL RUBBER (THAILAND) CO., LTD., ZHONGCE RUBBER (THAILAND) CO., LTD., PRINX CHENGSHAN TIRE (THAILAND) CO., LTD., LINGLONG INTERNATIONAL TYRE (THAILAND) CO., LTD., and LINGLONG AMERICAS INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Court No. 21-00439 |

## COMPLAINT

Plaintiffs Sentury Tire (Thailand) Co. Ltd., Sentury Tire USA Inc., General Rubber (Thailand) Co., Ltd., Zhongce Rubber (Thailand) Co., Ltd., Prinx Chengshan Tire (Thailand) Co., Ltd., Linglong International Tyre (Thailand) Co., Ltd., and Linglong Americas Inc. ("Plaintiffs"), by and through their attorneys, alleges and states as follows:

1. Plaintiffs seeks judicial review of the final affirmative injury determination of the U.S. International Trade Commission ("Commission") with respect to Thailand in the investigation of passenger vehicle and light truck ("PVLT") tires from Korea, Taiwan, Thailand, and Vietnam. *See Passenger Vehicle and Light Truck Tires from Korea, Taiwan, Thailand, and Vietnam*, Inv. Nos. 701-TA-647 and 731 TA-1517-1520 (final), USITC Pub. 5212 (July 2021) ("*Final Views*"). The Commission published its final determination in the *Federal Register* on July 16, 2021. *Passenger Vehicle and Light Truck Tires from Korea, Taiwan, Thailand, and*

1

*Vietnam*, 86 Fed. Reg. 37,764 (July 16, 2021). Following the Commission's final affirmative injury determination, the U.S. Department of Commerce ("Commerce") published notice of the antidumping duty order on PVLT tires from Thailand on July 19, 2021. *See Passenger Vehicle and Light Truck Tires from the Republic of Korea, Taiwan, and Thailand: Antidumping Duty Orders and Amended Final Affirmative Antidumping Duty Determination for Thailand*, 86 Fed. Reg. 38,011 (July 19, 2021).

## JURISDICTION

2.  Plaintiffs bring this action pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(II) and (a)(2)(B)(i) to review a final affirmative determination made by the Commission under 19 U.S.C. § 1673d(b). This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## STANDING

3.  Plaintiffs are producers and exporters of PVLT tires from Thailand and, thus, meet the definition of an "interested party" within 19 U.S.C. § 1677(9)(A).

4.  Plaintiffs participated in the underlying investigation giving rise to this action and, therefore, constitute "a party to the proceeding in connection with which the matter arose" under 19 U.S.C. § 1516a(a)(2)(A).

5.  As interested parties who each participated as a party in the underlying proceeding, Plaintiffs have standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS OF THE ACTION

6.  The Commission published notice of its affirmative final injury determination in the *Federal Register* on July 16, 2021. Commerce subsequently published notice of the

antidumping duty order on PVLT tires from Thailand on July 19, 2021.  Therefore, Plaintiff commenced this action within the time period specified in 19 U.S.C. § 1516a(a)(2)(A)(i)(II) and 28 U.S.C. § 2636(c).

7. Plaintiff filed its Summons for this action on August 18, 2021.

8. Plaintiffs timely filed this Complaint within 30 days of the filing of the Summons in this action, as required by the time limits set forth in 19 U.S.C. § 1516a(a)(2)(A) and Court Rule 3(a)(2).

## PROCEDURAL HISTORY

9. On May 13, 2021, the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC ("USW") filed a petition with the Commission and Commerce alleging that imports of PVLT tires from Thailand were sold in the United States at less than fair value and that those imports injure the domestic PVLT tire industry.

10. On May 19, 2020, the Commission instituted antidumping and countervailing duty investigations to determine whether there was a reasonable indication that an industry in the United States is materially injured or threatened with material injury, or that the establishment of an industry in the United States is materially retarded, by reason of imports of PVLT tires from Korea, Taiwan, Thailand, and Vietnam that are alleged to be sold in the United States at less than fair value and to be subsidized by the Government of Vietnam.  *See Passenger Vehicle and Light Truck Tires from Korea, Taiwan, Thailand, and Vietnam; Institution of Antidumping and Countervailing Duty Investigations and Scheduling of Preliminary Phase Investigations*, 85 Fed. Reg. 29, 972 (May 19, 2020).

11.     On July 22, 2020, the Commission published its preliminary determination, which found that there is a reasonable indication that an industry in the United States is materially injured by reason of imports of PVLT tires from Korea, Taiwan, Thailand, and Vietnam that are alleged to be sold in the United States at less than fair value and to be subsidized by the Government of Vietnam.  *Passenger Vehicle and Light Truck Tires from Korea, Taiwan, Thailand, and Vietnam*, 85 Fed. Reg. 44,322 (July 22, 2020).

12.     The Commission published the schedule of the final phase of its investigation on January 29, 2021.  *Passenger Vehicle and Light Truck Tires from Korea, Taiwan, Thailand, and Vietnam: Scheduling of Final Phase of Countervailing Duty and Antidumping Duty Investigations*, 86 Fed. Reg. 7561 (Jan. 29, 2021).  Interested parties, including Plaintiffs, submitted pre-hearing briefs on May 18, 2021, the Commission held a public hearing in which interested parties presented their arguments on May 25, 2021, and interested parties, including Plaintiffs, filed post-hearing briefs on June 2, 2021.

13.     On June 23, 2021, the Commission held a vote to determine whether PVLT tires from Korea, Taiwan, Thailand, and Vietnam were injuring the domestic PVLT tire industry.  *See* USITC News Release 21-081, *Passenger Vehicle and Light Truck Tires from Korea, Taiwan, and Thailand, and Subsidized Passenger Vehicle and Light Truck Tires from Vietnam, Injure U.S. Industry* (June 23, 2021).  Four Commissioners voted in the affirmative with respect to the antidumping duty investigations involving Korea, Taiwan, and Thailand and the countervailing duty investigation concerning Vietnam.  *Id.*  Commissioner David S. Johanson voted in the negative, finding that imports of PVLT tires from Korea, Taiwan, Thailand, and Vietnam neither materially injured the domestic industry nor threatened the domestic industry with material injury.  *Id.*

14. The Commission published its public views, which included Commissioner Johanson's dissent, on July 19, 2021. *See Final Views*, USITC Pub. 5212. The Commission concluded that the domestic PVLT tire industry was materially injured by reason of imports of PVLT tires from Korea, Taiwan, and Thailand found by Commerce to be sold in the United States at less than fair value and imports of PVLT tires from Vietnam that Commerce found to be subsidized by the Government of Vietnam. *Id.* at 47.

15. When determining whether the domestic PVLT tire industry was materially injured by reason of subject imports, the Commission considered the price effects, volume effects, and impact of subject imports. The Commission concluded that as a result of the significant and increasing volume of cumulated subject imports, the domestic industry had fewer shipments than it would have otherwise, which negatively affected its performance indicators, and thus the subject imports had a significant impact on the domestic industry during the period of investigation ("POI"). *Id.* at 43-44. The Commission never acknowledged the continued profitability of the U.S. industry, which had double-digit operating margins that had nearly doubled since the last time the Commission examined the industry in its investigation into *PVLT Tires from China* in 2015.

16. With regard to price effects, the Commission made no express finding of price suppression or price depression. Instead, the Commission found that subject imports "significantly undersold the domestic like product leading to lost sales and market share" and concluded that "subject imports had significant price effects." *Final Views*, USITC Pub. 5212 at 41. The Commission found that the pricing data showed that cumulated subject imports pervasively undersold the domestic like product in both branded and private label products. *Id.* at 35-36. The Commission rejected the econometric analysis provided by respondents, which

argued that the pricing data were flawed because the data reflected brand mix that contributed to the appearance of underselling, because certain firms may sell dimensionally indistinguishable tires at a wide range of price points. *Id.* at 37-38.

17. The Commission also examined price trends, and "considered the relationship between cumulated subject imports, which pervasively undersold the domestic like product, and the domestic industry's declining prices." *Final Views*, USITC Pub. 5212 at 41. The Commission recognized that, while the prices of some pricing products declined during the POI, domestic prices for the largest volume pricing product *increased*, and for the pricing products for which domestic prices declined over the POI, the magnitude of the declines was limited, or the volumes associated with those producers were small. *Id.* When considering whether subject imports prevented price increases that otherwise would have occurred, the Commission concluded that while the domestic industry's ratio cost of goods sold ("COGS") to net sales, the "modest increase" occurred while apparent U.S. consumption declined by 10.6 percent. *Id.*

18. When evaluating the impact of the subject imports, the Commission noted that "many of the domestic industry's performance indicators declined from 2018 to 2019 and then declined further in 2020." *Final Views*, USITC Pub. 5212 at 42. However, at the same time, the Commission acknowledged several performance indicators that improved from 2018 to 2019 before declining sharply in 2020, including capacity, production related workers, hours worked, and hourly wages. *Id.* at 42-44. The Commission thus concluded that cumulated subject imports from Korea, Taiwan, Thailand, and Vietnam had a significant impact on the domestic industry during the POI.

19. The Commission concluded that the severe market disruptions caused by the COVID-19 pandemic during 2020, including decreased demand, plant shutdowns by domestic

producers, and supply chain disruptions, contributed to the domestic industry's declining performance.  However, the Commission found that "the decline in demand in 2020 does not fully explain the domestic industry's declining performance that year." *Id.*  The Commission also stated that it was "unpersuaded by respondents' arguments that the domestic industry was disproportionately affected by the COVID-19 pandemic."

20. Commission Johanson's dissent concluded that there was no material injury or threat of material reason by subject imports, stating that: (1) but for the disruptions caused by the COVID-19 pandemic to both demand and supply, the market share shift observed in 2020 is not likely to have occurred; (2) despite consistent price underselling by subject imports, there were no adverse price effects on the U.S. prices of the domestic like product; and (3) the deterioration in the financial performance of the domestic industry, which remained at a healthy rate of profitability, was driven by declining domestic production that led to higher unit direct labor and unit "other factory costs" even as the gross values of those costs declined.  *Final Views*, USITC Pub. 5212 at 49 (Dissenting Views of Commissioner David S. Johanson).

21. Commissioner Johanson found that subject imports had not caused any negative price effects for the domestic industry.

22. Commissioner Johanson also disagreed with the Commission's impact assessment, in particular its consideration of the impact of the COVID-19 pandemic.

23. Following the Commission's final determination, Commerce published the antidumping duty order on July 19, 2021.  *Passenger Vehicle and Light Truck Tires from the Republic of Korea, Taiwan, and Thailand: Antidumping Duty Orders and Amended Final Affirmative Antidumping Determination for Thailand*, 86 Fed. Reg. 38,011 (July 19, 2021).

## STATEMENT OF CLAIMS

24. Paragraphs 1 through 23 are incorporated by reference.

25. In the following respects and for other reasons apparent from the record of the administrative proceeding, the Commission's *Final Views* are not supported by substantial evidence and are otherwise not in accordance with law. *See* 19 U.S.C. § 1516a(b)(1)(B)(i).

## COUNT ONE

26. Paragraphs 1 through 25 are incorporated by reference.

27. In its *Final Views*, the Commission disregarded the continued profitability of the domestic industry, which itself belied the Commission's conclusion that the domestic industry was experiencing any level of material injury. The Tariff Act of 1930, as amended, requires the Commission to determine whether an industry in the United States is materially injured by reason of subject imports, 19 U.S.C. § 1673(2)(A)(ii), which the statute defines as "harm which is not inconsequential, immaterial, or unimportant," 19 U.S.C. § 1677(7)(A). Although the Commission "may not determine that there is no material injury or threat of material injury to an industry in the United States merely because that industry is profitable or because the performance of that industry has recently improved," 19 U.S.C. § 1677(7)(J), this provision does not relieve the Commission of the obligation to determine whether an industry is, on its face, experiencing any distress or material injury.

28. Moreover, the Commission did not acknowledge that it had examined the domestic PVLT industry only six years prior, in 2015, in the *PVLT Tires from China* case, in which it found operating margins that were almost half of the domestic industry's operating margins in this case. *See Certain Passenger Vehicle and Light Truck Tires from the People's Republic of China*, Inv. Nos. 701-TA-522 and 721-TA-1258 (Final), USITC Pub. 4545 (Aug.

2015) at C-3 (Table C-1).  In other words, the Commission did not evaluate whether a domestic industry that had nearly doubled in profitability over only five years was experiencing material injury on its face.

29.     By finding that a highly profitable industry with new entrants and investments is materially injured, the Commission has effectively rendered meaningless the statutory standard of material injury set forth in 19 U.S.C. § 1677(7)(A).  The Commission has relied on § 1677(7)(J), which prevents the Commission from reaching a negative determination *merely* because a domestic industry is profitable, to erase its obligation to make a separate finding that the domestic industry has experienced harm that "is not inconsequential, immaterial, or unimportant."  19 U.S.C. § 1677(7)(A).

30.     Because the Commission did not consider the profitability of the domestic industry and determine whether the domestic industry had experienced actual material injury, the Commission's finding that the domestic industry PVLT tire industry is materially injured by reason of subject imports from Korea, Taiwan, Thailand, and Vietnam is not supported by substantial evidence on the record and is not otherwise in accordance with law.

## COUNT TWO

31.     Paragraphs 1 through 30 are incorporated by reference.

32.     The Commission did not properly consider the effects of the COVID-19 pandemic on the performance of the domestic industry, which severed the causal link between increased subject imports and any harm experienced by the domestic industry.

33.     Therefore, the Commission's impact analysis was unsupported by substantial evidence and otherwise not in accordance with law.

## COUNT THREE

34. Paragraphs 1 through 33 are incorporated by reference.

35. The Commission improperly found that subject imports had caused negative price effects to the domestic industry. Here, the Commission only made a finding of underselling, without making express findings of either price depression or price suppression. The record shows that, while subject imports did undersell the domestic like product, the data did not show price depression or price suppression. Moreover, the Commission did not properly consider evidence on the record that showed the pricing product data indicated predominant underselling because of the existence of branded products that distorted the data.

36. Therefore, the Commission's pricing analysis was unsupported by substantial evidence and otherwise not in accordance with law.

## COUNT FOUR

37. Paragraphs 1 through 36 are incorporated by reference.

38. The Commission's volume, pricing, and impact analyses failed to properly consider all of the evidence of record, as summarized in Commissioner Johanson's dissent.

39. Therefore, the Commissions' affirmative determination was unsupported by substantial evidence and otherwise not in accordance with law.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request that this Court: (1) hold that the Commission's determination in the subject investigation is unsupported by substantial evidence on the record and otherwise not in accordance with law; (2) remand the investigation to the Commission for disposition consistent with any orders and opinions of this Court; and (3) provide such other relief as this Court deems just and proper.

Respectfully submitted,

/s/ *Ned H. Marshak*
Ned H. Marshak
Max F. Schutzman
Jordan C. Kahn
Kavita Mohan
Brandon M. Petelin

GRUNFELD, DESIDERIO, LEBOWITZ
SILVERMAN & KLESTADT LLP
599 Lexington Ave., 36th Floor,
New York, NY 10022
(212) 557-4000
\*\*
1201 New York Ave., NW, Suite 650
Washington, DC 20005
(202) 783-6881

*Plaintiffs Sentury Tire (Thailand) Co. Ltd., Sentury Tire USA Inc., General Rubber (Thailand) Co., Ltd., Zhongce Rubber (Thailand) Co., Ltd., Prinx Chengshan Tire (Thailand) Co., Ltd., Linglong International Tyre (Thailand) Co., Ltd., and Linglong Americas Inc.*

Dated: September 17, 2021

# CERTIFICATE OF SERVICE AND NOTICE TO INTERESTED PARTIES

**Sentury Tire (Thailand) Co. Ltd., Sentury Tire USA Inc., General Rubber (Thailand) Co., Ltd., Zhongce Rubber (Thailand) Co., Ltd., Prinx Chengshan Tire (Thailand) Co., Ltd., Linglong International Tyre (Thailand) Co., Ltd., and Linglong Americas Inc. v. United States, CIT Court No. 21-00439**

Pursuant to Rule 3(f) of the Rules of the Court of International Trade, I certify that on September 17, 2021, copies of the foregoing Complaint was served upon the following individuals and notified all the interested parties who were a party to the proceeding below, by certified mail, return receipt requested:

**UPON THE UNITED STATES**
Attorney-In-Charge
International Trade Field Office
Commercial Litigation Branch
**U.S. Department of Justice**
Room 346
26 Federal Plaza
New York, New York 10278

Director, Civil Division
Commercial Litigation Branch
**U.S. Department of Justice**
1100 L Street, NW
Washington, DC 20530

**UPON THE U.S. INTERNATIONAL TRADE COMMISSION**
Office of General Counsel
**U.S. International Trade Commission**
500 E Street SW
Washington, DC 20436

**On Behalf of United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC**
Roger Schagrin, Esq.
**Schagrin Associates**
900 Seventh Street NW
Washington, D.C. 20001

**On behalf of ITG Voma Corporation**
Jonathan T. Stoel, Esq.
**Hogan Lovells US LLP**
555 Thirteenth Street, NW
Washington, DC 20004

**On behalf of Bridgestone Americas Tire Operations**
Daniel J. Cannistra, Esq.
**Crowell & Moring LLP**
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004

**On behalf of Atturo Tire Corp.**
Camelia Mazard, Esq.
**Doyle, Barlow & Mazard PLLC**
1776 K Street, NW, Suite 200
Washington, D.C. 20006

**On behalf of Brand Inc.**
Mark R. Ludwikowski, Esq.
**Clark Hill PLC**
1001 Pennsylvania Ave, NW
Suite 1300 South
Washington, DC 20004

**On behalf of Sumitomo Rubber Industries, Ltd., Sumitomo Rubber (Thailand), Ltd., Sumitomo Rubber North America, Inc., and Sumitomo Rubber USA, LLC**
Bernd G. Janzen, Esq.
**Akin Gump Strauss Hauer & Feld, LLP**
2001 K Street, N.W.
Washington, DC 20006

**On behalf of Deestone Corporation Ltd.**
Jay C. Campbell, Esq.
**White & Case**
701 Thirteenth Street, NW
Washington, DC 20005

**On behalf of Cheng Shin Rubber USA Inc., dba Maxxis International – USA, Cheng Shin Rubber Ind. Co. Ltd., and Maxxis International (Thailand) Co., Ltd.**
Kristen Smith, Esq.
**Sandler Travis & Rosenberg, P.A.**
1300 Pennsylvania Ave. N.W. Suite 400
Washington, D.C. 20004

**On behalf of Cooper Tire & Rubber Company**
Gregory C. Dorris
**Pepper Hamilton LLP**
2000 K Street, N.W. Suite 600
Washington, DC 20006

**On behalf of Nexen Tire Corporation**
David E. Bond, Esq.
**White & Case**
701 Thirteenth Street, NW
Washington, DC 20005

**On behalf of TBC Corporation and Unicorn Tire Corp.**
Matthew R. Nicely, Esq.
**Akin Gump Strauss Hauer & Feld, LLP** 2001 K Street, NW
Washington, DC 20006

**On behalf of Vee Tyre and Rubber Co., Ltd.**
Richard L.A. Weiner, Esq.
**Sidley Austin LLP**
1501 K Street, N.W.
Washington, DC 20005

**On behalf of American-Omni Trading Company**
John M. Peterson, Esq.
**Neville Peterson LLP**
One Exchange Plaza
55 Broadway, Suite 2602
New York, NY 10006

**On behalf of American Tire Distributors and its wholly owned subsidiary The Hercules Tire & Rubber Company**
Leah N. Scarpelli, Esq.
**Arent Fox LLP**
1717 K Street, NW
Washington, DC 20006

**On behalf of Les Schwab Warehouse Center, Inc.**
Michael P. House, Esq.
**Perkins Coie LLP**
700 Thirteenth Street, NW
Washington, D.C. 20005

**On behalf of the Taiwan Rubber & Elastomer Industries Association**
Peter J. Koenig, Esq.
**Squire Patton Boggs (US) LLP**
2550 M Street, NW
Washington, D.C. 20037

**On behalf of Hankook Tire & Technology Co., Ltd., Hankook Tire America Corp., and Hankook Tire Manufacturing Tennessee, LP**
Patrick J. McLain, Esq.
**WilmerHale LLP**
1875 Pennsylvania Ave. NW
Washington, DC 20006

**On behalf of Otani Radial Co., Ltd., Kenda Rubber Ind. Co., Ltd, Kenda Rubber (Vietnam) Co., Ltd., American Kenda Rubber Industrial Co., Ltd., and Americana Tire & Wheel, division of Americana Development, Inc.**
Thomas J. Trendl, Esq.
**Steptoe & Johnson LLP**
1330 Connecticut Avenue, NW
Washington, DC 20036-1795

**On behalf of Nankang Rubber Tire Corp., Ltd.**
Nancy A. Noonan, Esq.
**Arent Fox LLP**
1717 K Street, NW
Washington, DC 20006

/s/ Ned H. Marshak
Ned H. Marshak